`1IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| OLADIPO OLAFUNMILOYE, | * | |
| | * | |
| Petitioner, | * | Civil No. AW-091341 |
| | * | |
| v. | * | Criminal No. AW-08-03 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |
| | * | |

*************************************************************************

**MEMORANDUM OPINION**

Before the Court is Defendant/Petitioner Oladipo Olafunmiloye's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 95). On January 2, 2008, Petitioner was charged in a 26-count indictment with bank fraud, in violation of 18 U.S.C. § 1455 (Counts One to Eight); wire fraud, in violation of 18 U.S.C. § 1957 (Counts Nine to Thirteen); and money laundering, in violation of 18 U.S.C. § 1957 (Counts Fourteen to Twenty-Six). On February 18, 2009, and pursuant to a written plea agreement, Petitioner pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344, and one count of money laundering in violation of 18 U.S.C. § 1957 (Counts Two and Seventeen, respectively). A presentence report was ordered and the matter was set down for a sentencing hearing on May 11, 2009.

Pursuant to the plea agreement, the sole issue disputed by the parties with respect to Petitioner's sentencing was the amount of loss involved and the corresponding increase in the offense level pursuant to section 2B1.1(b)(1)(I) of the United States Sentencing Guidelines. Petitioner argued that the loss was less than $120,000, and thus only an 8-level increase was justified under section 2B1.1(b)(1)(E) of the Sentencing Guidelines.

(*Id*.) The Government, however, argued that the Petitioner's acts caused losses in excess of $1,000,000 and therefore the Court should impose a 16-level increase pursuant to section 2B1.1(b)(1)(I) of the Sentencing Guidelines. (*Id*.)

At the sentencing hearing, both parties presented arguments as to which method the court should use to calculate loss, and the total amount of loss that Petitioner caused by his fraudulent acts. After hearing both party's arguments, the Court concluded that the Government's method and estimation were reasonable and therefore elected to impose a sixteen-level increase under the Sentencing Guidelines. (*Id*. at 68-70.) Accordingly, the Court determined that Petitioner's offense level was a twenty-two (22) with a Criminal History Category of I, and sentenced Petitioner to forty-six (46) months followed by five years of supervised release. (*Id*. at 70, 89, 91.) Petitioner did not appeal his conviction or sentence; thus the conviction became final on May 22, 2009, when the time for filing an appeal expired.

The present § 2255 motion was filed by Petitioner on May 22, 2009. Petitioner filed an amendment to his pending motion on October 2, 2009. In his Motion, Petitioner presents four grounds he contends entitles him to relief: (1) ineffective assistance of counsel; (2) inaccurate or improper calculation of loss; (3) introduction of unduly prejudicial material; and (4) failure to contest a sentencing enhancement for leadership role.[1] The Government has responded to the Motion and Petitioner has filed his reply. The matter is now ripe for resolution.

---

[1] The Court believes that Petitioner's fourth claim is, in substance, a claim for ineffective assistance of counsel. Therefore, his first and fourth arguments are address together below.

## I. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* standard requires Petitioner to show that (1) his counsel's performance was deficient under the prevailing norms of the profession, and (2) that this deficient performance prejudiced his defense. *Id.* at 687. In the context of a plea of guilty, the prejudice inquiry is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59, (1985). Thus, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

According to *Strickland*, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and thus reviewing courts must be highly differential in scrutinizing counsel's performance. *Strickland*, 466 U.S. at 688-689. Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted even had the attorney been deficient. *See Fields v. Attorney Gen.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

Here, Petitioner points to six aspects of his counsel's performance that he deems were constitutionally inadequate. The Court will address and reject each in turn. The allegations were factually unfounded and/or provided no basis for relief under *Strickland*.

### A. Failure of Counsel to Explain How the Court Would Calculate the Amount of Loss

Petitioner first claims that he received ineffective assistance of counsel because his attorney failed to advise him of the fact that, pursuant to the United States Sentencing

Guidelines, a court will use the greater of actual loss or intended loss when determining the amount of loss that a defendant has caused. U.S. Sentencing Guidelines Manual § 2B1.1 cmt. 3(A) (2010). Even if true, Petitioner's allegations are insufficient to satisfy the *Strickland* requirement of prejudice. The United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit") held in *United States v. Foster*, 68 F.3d 86 (4th Cir. 1995), that counsel's inaccurate prediction as to the length of sentence that a defendant will receive does not prejudice a defendant where the trial court properly informs him, at his plea hearing, of the potential severity of the sentence he faces. *Id.* at 87-88.

At Petitioner's plea hearing, the Court explained to Petitioner that he could receive the statutory maximum of thirty years imprisonment as to Count Two, and ten years imprisonment for Count Seventeen. (Plea Hr'g Tr., at 7.) Additionally, the Court informed Petitioner of the consequences that the "amount of loss" issue would have on his sentence, explaining that the final adjusted offense level would be "either a 22 or a 14 . . . depending on who prevails [on the amount of loss issue]." (*Id*. at 9.) After both of these statements, Petitioner indicated that he understood the possible sentences that he would receive by pleading guilty. (*Id*. at 8, 10.) As such, Petitioner cannot show that the alleged omission had any impact on his decision to plead guilty. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (noting that statements made under oath at a Rule 11 proceeding present a "formidable barrier" to their subsequent attack); *see also United States v. Lemaster*, 403 F.3d 216, 221-223 (4th Cir. 2005) (same).

In short, even if Petitioner's counsel provided incorrect information regarding sentencing possibilities, Petitioner was in no way prejudiced by such information given

the Court's careful explanation of the potential severity of sentencing. Accordingly, Petitioner fails to state a claim for ineffective assistance of counsel.

### B. Counsel's Failure to Conduct Minimal Investigation and Present Mitigating Evidence

Petitioner next claims that he suffered ineffective assistance of counsel because his counsel allegedly failed to "[c]onduct minimal investigation on mitigating evidence," and failed to "present mitigating evidences [sic], circumstances." (Doc. No. 95 at 4.) Petitioner's claim, however, is far too vague to overcome "the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1976), *cert denied*, 474 U.S. 865, 88 L. Ed. 2d 154, 106 S. Ct. 185 (1985); *see also Michael v. United States*, 168 F. Supp. 2d 518, 523 (D. Md. 2001) (noting that "bald allegations of ineffectiveness without factual support are not enough to overcome the presumption that counsel's actions were part of competent legal strategy").

Even assuming, *arguendo*, that there is deficient performance, Petitioner has failed to demonstrate prejudice to his case. In cases such as this one where the petitioner's ineffective assistance claim is based on his attorney's alleged failure to investigate the case adequately, the petitioner bears the burden of making a "comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (citation omitted); *see also United States v. Askew*, 88 F.3d 1065, 1073 (D.C. Cir. 1996). Here, Petitioner fails to identify any allegedly mitigating evidence that would have been obtained through an investigation. However, in his Reply, Petitioner attempts to demonstrate prejudice by alleging that his attorney failed to present allegedly mitigating evidence with respect to

5

the collateral value and loss amount calculated by the Government for the property located at 13025 Britts Brook Lane in Waldorf, Maryland (the "Britts Brook Lane property"). (*See* Doc. No. 148 at 4, 9.) In particular, Petitioner finds fault with the Government's calculation of the collateral value (in the amount of $351,668.22) for this property. Petitioner alleges that, at the sentencing hearing, he presented his attorney with allegedly mitigating evidence as to the value of this property, but his attorney failed to present such evidence. (*Id.* at 4.) Petitioner also contends that the Government "failed to show how they [sic] arrived at that figure and it is reasonable to conclude that they [sic] arbitrarily minimized that value in order to maximize the loss allegedly caused by Petitioner." (*Id.* at 10.)

Petitioner's argument, however, is clearly unsupported by the record. At the plea hearing, the Government explained how it arrived at the collateral value of $351,668.22 for this property. Specifically, the Government explained that this figure represents the final sales price that was received by the lender after the property was sold to a third party. (Sentencing Hr'g Tr. at 16.) As such, counsel's decisions not to object to this figure and not to present Petitioner's allegedly mitigating evidence[2] was a reasonable exercise of professional judgment. Accordingly, Petitioner's claim is palpably incredible.

---

[2] It appears that Petitioner's allegedly mitigating evidence consisted of records showing that he purchased the Britts Brook Lane property in November 2001 for $535,000 and sold it in January 2006 for $975,000. (*See* Doc. No. 148 at 4.) Petitioner therefore contends that this property should have been valued at a higher dollar amount, thereby reducing the amount of loss on this property. The Court disagrees. The Government's calculation of the collateral value of the property is based on entirely different figures. As explained at the plea hearing, the Government's calculation of the collateral value is based on the gross loss amount less the amount obtained by the lender through the foreclosure resale. The gross loss amount would typically include the unpaid principal amount of the loan at the time of foreclosure. It also would include interest -- but not on this particular chart -- on the unpaid principal balance of the loan. It would also include such things as real estate taxes that had to be paid after the foreclosure as well as attorney fees in connection with the foreclosure." (Sentencing Hr'g Tr. at 16.) The facts show that Petitioner obtained a loan for the Britt Brooks Lane property in the amount of $750,000. (*See* Doc. No. 87, Ex. A.) The gross loss amount for this property was $749,014.03. (*Id.*) After foreclosure, the lender sold this property to a third party and received $351,668.22. (*Id.*) Therefore, the finalized net less for this property was $397,345.81.

In brief, the Court finds that Petitioner fails to satisfy both the "prejudice" and "performance" prongs of the *Strickland* test. Therefore, Petitioner's second claim of ineffective assistance of counsel must fail.

### C. Counsel's Failure to Adequately Prepare for Sentencing

Petitioner also posits that he is a victim of ineffective assistance of counsel because his counsel allegedly failed "to adequately prepare for sentencing." However, Petitioner fails to provide any factual allegations to support this claim. This claim, therefore, is no more than a bald allegation. As stated *supra*, "bald allegations of ineffectiveness without factual support are not enough to overcome the presumption that counsel's actions were part of competent legal strategy." *Michael*, 168 F. Supp. 2d at 523. Accordingly, Petitioner's third claim of ineffective assistance of counsel must fail.

### D. Counsel's Failure to Advise Petitioner of the Right to Testify During the Sentencing Hearing

Next, Petitioner claims that he received ineffective assistance of counsel because his attorney allegedly failed to advise him of his right to testify at his sentencing hearing. The Court recognizes that it might be deemed professionally unreasonable if Petitioner's counsel failed to advise him of his right to testify at the sentencing hearing. However, the Court need not engage in such an inquiry in the present case because Petitioner has failed to show prejudice to his case. As noted, to demonstrate prejudice Petitioner "must show that there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Court believes that Petitioner cannot meet that standard. As the Government points out, "[h]ad counsel told Petitioner of his ability to testify at sentencing, Petitioner would have been more inclined to plead guilty because of a belief that he could persuade the Court to

7

impose a more lenient sentence." (Gov. Resp. to Pet'r['s] Mot. at 9.) Accordingly, the Court finds that Petitioner fails to satisfy the prejudice prong of the *Strickland* test. Therefore, Petitioner's ineffective assistance of counsel claim on this issue fails.

### E. Counsel's Failure to Object to the Government's Portrayal of Petitioner's Role in the Fraudulent Activity

Finally, Petitioner contends that his counsel rendered ineffective assistance by failing to "object to prosecutors [sic] argument/improper argument regarding [defendant's] role in the fraudulent activity." (Doc. No. 95 at 6.) Petitioner's claim, however, fails to rebut the strong presumption of attorney competence under part one of the *Strickland* test. As part of the plea agreement, the Government agreed not to oppose a two-level reduction for Petitioner's "prompt recognition and affirmative acceptance" and to move for a one-level reduction for Petitioner's "timely notification of his intention to plead guilty." (Plea Agreement at 4.) However, the Government reserved the right to oppose such adjustments for a variety of reasons, including Petitioner's "fail[ure] to admit each and every item in the factual stipulation." (*Id*.) The factual stipulation explicitly stated that "[Petitioner] was an organizer of the criminal activity." (*Id*.) Thus, an objection by counsel as to Defendant's role in the criminal enterprise could have resulted in Petitioner forfeiting the proposed three-level reduction. Accordingly, the Court finds that counsel's decision not to object to a fact that Petitioner had already admitted twice[3] was a proper (and wise) exercise of professional judgment. Therefore, Petitioner's final ineffective assistance of counsel claim fails.

---

[3] The Court notes that Petitioner agreed, in the plea agreement, that he was the organizer of the criminal enterprise. (Plea Agreement at 4.) Additionally, at the plea hearing, Petitioner acknowledged that he was an organizer of the criminal enterprise. (*See* Plea Agreement at 9-10.) As such, Petitioner cannot plausibly claim that counsel was constitutionally deficient for not objecting to the Government's statements.

In sum, Petitioner has failed to establish a *prima facie* case of ineffective assistance of counsel. Accordingly, Petitioner cannot obtain relief under § 2255 on this ground.

## II. Inaccurate or improper calculation of loss

Next, Petitioner seeks to correct his sentence on the ground that the Court improperly calculated the amount of loss attributable to his fraudulent conduct. Specifically, Petitioner claims that the "loss amount was calculated totally based on speculation." (Doc. No. 95 at 7.) Petitioner's argument is unsupported by the record in the instant case.

In calculating the amount of loss under § 2B1.1(b)(1) of the United States Sentencing Guidelines, the Court need only make a reasonable estimate of the loss, given the available information. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1) cmt. 3(C) (2009). Here, the Court adopted the Government's method for calculating the amount of loss and concluded that "the finalized net loss, according to the testimony and the exhibits, was $1.244 million." (Sentencing Hr'g Tr. at 69.) The Government arrived at this figure by subtracting the foreclosure price from the gross loan amount. The Court believes that this method is reasonable because it reflects the difference between what the lender needed in order to be made whole on the loan (gross loss amount) and what the lender actually took in as a result of the foreclosure sale. *See United States v. Robinson*, 88 Fed App'x 660, 662 (4th Cir. 2004) (finding that a reasonable estimation of loss was "the principal balance [of the loan] less the sale price of the home"). Accordingly, the Court sees no merit to Defendant's claim that "the loss amount was calculated totally based on speculation."

### III. Introduction of unduly prejudicial material

Lastly, Petitioner moves to overturn his sentence on the ground that the government impermissibly "presented materials, such as a picture of [his] house, both related and unrelated to the issue, and inclusion of unproven prior acts, not included in the indictment, plea deal, presentencing, to influence or enhance the sentence and restitution." (Doc. No. 95 at 7.) Petitioner purports to argue that the admission of this evidence was unduly prejudicial under Federal Rule of Evidence 403.

Petitioner's argument fails because the Federal Rules of Evidence do not apply in sentencing hearings. *See* Fed. R. Evid. 1101(d)(3). As the Fourth Circuit highlighted in *United States v. Wilkinson*, 590 F.3d 259 (4th Cir. 2010), "a sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *Id*. at 269 (citing *United States v. Bowman*, 926 F.2d 380, 381 (4th Cir. 1991)). Here, the items to which Petitioner objects were relevant to his sentencing. Furthermore, 18 U.S.C. § 3553(a) requires a sentencing court to consider, among other things, "the nature and circumstances of the offenses and the history and characteristics of the defendant." *Id*. The picture of Petitioner's house, as well as his prior his acts and characteristics, were relevant to this inquiry. As such, the Court finds Petitioner's claim to be wholly devoid of merit.

### IV. CONCLUSION

The Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. The Court concludes that

Petitioner has failed to demonstrate a legal and cognizable basis for relief.  Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED.

V.      **CERTIFICATE OF APPEALABILITY**

There is no absolute entitlement to appeal a district court's denial of the Motion. *See* 28 U.S.C. § 2253(c)(1).  "A [Certificate of Appealability, or COA]" may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  *Id.* at § 2253(c)(2).  To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).  Here the Court has concluded that Petitioner did not receive ineffective assistance of counsel, that the Court properly calculated the amount of loss attributable to Petitioner's fraudulent conduct, and that Petitioner was not prejudiced by the admission of certain evidence at his sentencing hearing.  It is the Court's view that Petitioner has raised no arguments which cause this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review.  Accordingly, the Court Denies a Certificate of Appealability.  A separate Order will be issued.

   August 23, 2010                                                                               /s/
        Date                                                                              Alexander Williams, Jr.
                                                                                     United States District Judge